J-A10012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ALESCIA MARIE DINGLE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY ALLEN DINGLE | : | |
| | : | |
| Appellant | : | No. 2345 EDA 2024 |

Appeal from the Order Entered August 21, 2024
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2018-62113

BEFORE: PANELLA, P.J.E., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED JUNE 2, 2025**

Jeffrey Allen Dingle ("Dingle") appeals from the order entered on August 21, 2024, granting Alescia Marie Dingle, also known as Alescia Teel ("Teel"), an extension of a protection from abuse ("PFA") order.[1, 2] Dingle argues the trial court erred in granting the extension because Teel did not present any evidence of a subsequent act of abuse or a pattern or practice that indicated

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] At the hearing held on the petition to extend the PFA order, Teel referred to herself as "Alescia Teel." The trial court refers to her as Alescia Teel and in her brief to this Court, she refers to herself as "Alescia Teel, formerly known as Alescia Dingle." Appellee's Brief, at 2. For ease of reference, we will continue to refer to Alescia Dingle as Teel throughout this memorandum.

[2] *See* 23 Pa.C.S.A. § 6108(e) (extension of protection orders).

a continued risk of harm to Teel or their minor child. After careful review, we affirm on the basis of the well-reasoned opinion of the trial court.

As noted by the trial court, this "case involves a long history of PFA [o]rders and separate dockets regarding the parties' contentious divorce, equitable distribution, alimony, child support, and custody proceedings." Trial Court Opinion, 11/14/24, at 2 (footnote omitted). We briefly recount the relevant factual and procedural history.

Teel filed a PFA petition on December 3, 2018, on behalf of herself and the parties' child after allegations surfaced that Dingle was sexually abusing their minor daughter. Teel further elaborated multiple instances of Dingle's physical and mental abuse towards Teel and their daughter. After multiple continuances, Teel withdrew the PFA petition on January 9, 2019, because she was "faced with the prospect of the parties' minor child testifying while the criminal and child welfare investigations remained pending." *Id.* at 3.

Teel refiled her PFA petition on October 30, 2020, with the same allegations as contained in the original PFA petition. Teel also included new instances of abuse that occurred after the hearing on January 9, 2019. After multiple continuances, on October 13, 2021, a final PFA order was granted, by agreement of the parties, and was set to expire on March 29, 2024.

Teel filed for contempt and, due to Dingle's in-court behavior, the trial court made the following significant note:

> On June 16, 2023, Teel filed a [m]otion for [c]ontempt of the PFA [o]rder. The [trial c]ourt attempted to conduct a hearing on Teel's

[c]ontempt [m]otion on July 5, 2023, but the hearing … had to be continued "due to outbursts in court." The [n]otice and [o]rder to [a]ppear for the continued hearing date of August 16, 2023, included the specific note that "Dingle was advised to make arrangements for remote appearance — He may not appear in person at the Bucks County Courthouse."

*Id.* at 4-5 (record citations, brackets, and footnote omitted).

At the next hearing, an agreement was reached between the parties and the details were placed on the record. The final PFA order was not extended and remained set to expire on March 29, 2024.

On March 28, 2024, Teel filed a petition requesting an extension of the PFA order. A hearing was held on August 21, 2024. At the conclusion of the hearing, the trial court granted the request and extended the PFA order for another three years. Dingle timely appealed and complied with the trial court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

Dingle argues on appeal that the trial court erred in granting Teel's extension request. *See* Appellant's Brief, at 6, 12.[3] Dingle essentially argues there was insufficient evidence pursuant to 23 Pa.C.S.A. § 6108(e). ***See id.*** at 12.

_____

[3] Dingle presents three separate questions involved, but only one argument section. *See* Appellant's Brief, at 3, 6-12. As this is merely a technical violation of our rules that does not impede our review, we do not quash his appeal. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]"); ***B.K.P. v. J.R.B.***, 303 A.3d 456, 459 n.3 (Pa. Super. 2023) (declining to quash appeal as noncompliance with our rules did not prevent review).

"In general, we review the propriety of a PFA order for an abuse of discretion or an error of law." ***Trout v. Strube***, 97 A.3d 387, 389 (Pa. Super. 2014) (citation omitted).

> When a claim is presented on appeal that the evidence is not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it. Furthermore, the preponderance of the evidence is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly is the criteria or requirement for preponderance of the evidence.

***Ferko-Fox v. Fox***, 68 A.3d 917, 926-27 (Pa. Super. 2013) (brackets and citation omitted). It is well-established that a "PFA petitioner's testimony alone, if believed by the trial court, may constitute sufficient evidence of abuse." ***E.K. v. J.R.A.***, 237 A.3d 509, 523 (Pa. Super. 2020) (citation omitted).

Subsection 6108(e) provides a trial court may extend a PFA order if "the defendant committed one or more acts of abuse subsequent to the entry of the final order or that the defendant engaged in a pattern or practice that indicates a continued risk of harm to the plaintiff or minor child." 23 Pa.C.S.A. § 6108(e)(1)(i). Dingle argues he did not commit a subsequent act of abuse nor was there sufficient evidence of a pattern or practice that indicates a continued risk of harm to Teel or their minor child. ***See*** Appellant's Brief, at 12.

After a thorough review of the record, the parties' briefs, and the Honorable Jordan B. Yeager's comprehensive opinion dated November 14, 2024, we conclude the trial court did not err in granting the PFA extension. *See* Trial Court Opinion, 11/14/24, at 12, 13, 16-17 (finding "Dingle's volatility, controlling tendencies, anger, temper, and exhibited lack of control" established a pattern of behavior that indicates a continued risk of harm to Teel; Teel credibly testified to Dingle's demeanor as "completely unhinged and enraged[;]" and Dingle's behavior in court as recently as the summer of 2024 supports a finding of a continuing risk of harm to Teel).

For the convenience of the parties, we have attached the thoughtful and detailed 17-page opinion of the Honorable Jordan B. Yeager.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/2/2025